IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGOBERTO GARCIA,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. C 11-3647 CW<br>   CR 07-0806 CW<br><br>ORDER DENYING<br>MOTION FOR<br>RECONSIDERATION |

On December 27, 2011, the Court issued an order denying Movant Dagoberto Garcia's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. Movant has filed a document entitled, "Motion Challenging the Court's Decision to Denying to Correct Sentence," which the Court construes as a motion for reconsideration of the December 27, 2011 Order.

The Federal Rules of Criminal Procedure do not address reconsideration of an order. However, Rule 12 of the Rules Governing § 2255 Proceedings provides that the district court may apply the Federal Rules of Civil or Criminal Procedure to any issue arising in a § 2255 motion that is not specifically prescribed by the § 2255 Rules. Because the § 2255 Rules do not

provide for motions for reconsideration, courts apply Federal Rules of Civil Procedure 59 or 60 which govern motions for relief from a judgment or order.  The Court will follow Rule 12 here and apply the Federal Rules of Civil Procedure to Defendant's motion for reconsideration.

Because Defendant did not file his motion for reconsideration within ten days of the date on which the Court issued its order, Defendant's motion for reconsideration is governed by Rule 60(b), not Rule 59(e).

The Ninth Circuit has held that Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under any subparagraph of Rule 60(b).

Movant's motion satisfies none of the requirements for reconsideration under Rule 60(b).  He asserts the same arguments in his motion for reconsideration that he did in his motion for relief under § 2255.  In the December 27, 2011 Order, the Court carefully considered all of Movant's arguments and rejected them. A motion for reconsideration is not a proper forum for

2

relitigating previous issues.  Therefore, Movant's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: 1/27/2012

CLAUDIA WILKEN
United States District Judge